

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 28 2019
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~HATTIESBURG~~ EASTERN DIVISION

MARY HAMMOND,

    Plaintiff,

CASE NO.: 2:19cv31-KS-MTP

-VS-

COMENITY BANK,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Mary Hammond, by and through the undersigned counsel, and sues Defendant, COMENITY BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the intentional intrusion upon her right to seclusion pursuant to the Restatement (Second) of Torts, § 652(b).

### INTRODUCTION

1. The TCPA was enacted to prevent companies like COMENITY BANK from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls are far and away the biggest consumer complaint to the FCC with over 200,000 complaints each year – around 60 percent of all the complaints…Some private analyses estimate that U.S. consumers received approximately 2.4 billion robocalls per month in 2016." https://www.fcc.gov/about-fcc/fcc-initiatives/fccs-push-combat-robocalls-spoofing.

5. Mississippi law recognizes a cause of action for invasion of privacy, including an action for "[t]he intentional intrusion upon the solitude or seclusion of another." *Deaton v. Delta Democrat Pub. Co.*, 326 So.2d 471, 473 (Miss.1976). To state a claim for this sub-category of invasion of privacy, however, a plaintiff must show a substantial interference with her seclusion "that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object." *Candebat v. Flanagan*, 487 So.2d 207, 209 (Miss.1986) (quoting Restatement (Second) of Torts, § 652(b), cmt. D (1977)).

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See

*Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

9. The alleged violations described herein occurred in Walthall County, Mississippi. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Walthall County, Mississippi.

11. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

14. Defendant is a corporation which was formed in Delaware with its principal place of business located at 3100 Easton Square Place, Columbus, Ohio 43219, and which regularly conducts business in the State of Mississippi.

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692a(5).

17. Defendant called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times in an attempt to collect a debt.

18. Defendant attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

19. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

21. Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and she received prerecorded messages from Defendant.

22. Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

23. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (601) *** - 3482, and was the called party and recipient of Defendant's calls.

24. The numbers that Defendant used to call Plaintiff include but are not limited to: (877) 475-3483 and (913) 563-5516. Upon calling these numbers, an automated voice indicates you have reached Comenity Bank.

25. Defendant placed an exorbitant number of calls to Plaintiff's cellular telephone (601) *** - 3482 in an attempt to reach an individual known only as Anita Holmes.[1]

26. Plaintiff does not currently know, nor has ever known, an individual by the name of Anita Holmes.

27. Plaintiff does not currently have any account or business dealings with Defendant.

28. Accordingly, when Plaintiff initially called Plaintiff, it did not have her express consent to place calls to her cellular telephone.

29. On several occasions over the last four (4) years, Plaintiff instructed Defendant's agent(s) to stop calling her cellular telephone.

30. In or about August of 2018, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent to cease calling.

31. Plaintiff explained to Defendant's agent that she did not know the person they were looking for, that they have the wrong number, and asked that they stop calling her cell phone.

32. Defendant's agent advised they would remove her from the list but continued to call anyways.

33. Plaintiff received approximately 3 to 4 calls per day from Defendant.

34. During the aforementioned phone call with Respondent in or about August of 2018, Claimant unequivocally revoked any express consent Respondent had for placement of telephone calls to Claimant's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

35. Each subsequent call the Respondent made to the Claimant's aforementioned cellular telephone number was done so without the "express consent" of the Claimant.

36. Each subsequent call the Respondent made to the Claimant's aforementioned cellular telephone number was knowing and willful.

---

[1] Phonetic spelling.

5

37. Despite actual knowledge of their wrongdoing, the Respondent continued the campaign of abuse, calling the Claimant despite the Claimant revoking any express consent the Respondent may have had to call her aforementioned cellular telephone number.

38. Respondent has placed approximately one hundred (100) calls to Claimant's aforementioned cellular telephone number. Due to the volume and time period over which she received automated calls, Claimant was not able to properly catalogue each and every call received from Respondent; thus, the exact number of calls will be established after a thorough review of Respondent's records.

39. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

40. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant to remove the number.

41. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant they wish for the calls to stop.

42. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

43. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

44. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call the consumers.

45. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

46. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

47. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

48. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

49. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

50. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

51. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

52.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

53.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

54.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

55.     Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

56.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

## COUNT I
### (Violation of the TCPA)

57.     Plaintiff fully incorporates and realleges paragraphs one through fifty-six (56) as if fully set forth herein.

58. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified COMENITY BANK that she wished for the calls to stop.

59. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

60. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-six (56) as if fully set forth herein.

61. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

62. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

63. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

64. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Intentional Intrusion Upon Right to Seclusion)

65. Plaintiff fully incorporates and realleges paragraphs one (1) through fifty-six (56) as if fully set forth herein.

66. Defendant's frequent calls invaded Plaintiff's privacy.

67. Plaintiff has no business dealings with Defendant.

68. Plaintiff has been assigned her cell phone number since 2008, it is not a reassigned number.

69. Plaintiff explained to Defendant that she does not know Anita Holmes and that they have the wrong number.

70. Plaintiff asked Defendant to stop calling her.

71. Defendant continued calling Plaintiff despite these explanations and her unequivocal request for Defendant's agents to stop calling her cellular telephone.

72. Defendant continued calling Plaintiff after advising they would remove her from their list.

73. Defendant's calls caused Plaintiff lack of privacy, anxiety, stress, sleeplessness, anger, and worry.

74. Any reasonable person experiencing the circumstances of Plaintiff would feel Defendant committed an intentional intrusion upon her right to seclusion.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against COMENITY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Rocky Wilkins, Esquire
Mississippi Bar No.: 99707
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 503-1654
Facsimile: (601) 503-1606
Primary Email: Rocky@ForThePeople.com
Secondary Email: JNeal@ForThePeople.com
Noticed Email: MMartinez@ForThePeople.com &
BLogan@ForThePeople.com
*Attorney for Plaintiff*